**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES O'NEIL,** | : | |
| | : | **Civil Action No. 1:04-CV-2825** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **ROBERT J. BECK, Jr. et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

**I.     Introduction**

Before the Court is a motion to dismiss filed by Defendants Fulton Bank and Melinda Zellers (collectively, "Bank Defendants"). (Doc. No. 2.) Plaintiff, proceeding pro se, filed a letter brief in opposition to the Motion dated April 23, 2005. (Doc. No. 21.) For the reasons discussed below, the motion to dismiss will be granted.

This litigation arises out of Fulton Bank's repossession of Plaintiff's 1999 Kia automobile. In his complaint, Plaintiff asserts that the Bank Defendants facilitated the repossession in violation of state law and in so doing, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 18 U.S.C. § 242. The Bank Defendants have moved to dismiss the complaint, arguing: (1) Plaintiff cannot maintain a private cause of action under 18 U.S.C. § 242; and (2) Plaintiff's claims under the Fourth and Fourteenth Amendments against the Bank Defendants necessarily fail because the Bank Defendants are not state actors. The Court will address each of these arguments in turn.

**II.    Discussion**

Section 242 of Title 18 of the United States Code provides that:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned by not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnaping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years of for life, or both, or may be sentenced to death.

18 U.S.C. § 242.  It is not clear what relevance, if any, this criminal statute has with respect to Plaintiff's alleged grievances.  Regardless, it is settled law that private citizens do not enjoy a private right of action under 18 U.S.C. § 242.  Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 26 n.3 (3d Cir. 1989) ("the district court correctly decided '[18 U.S.C. §§ 242 and 243] are criminal offenses, enforceable by the government rather than by citizen plaintiffs.  Section 1983 is the civil counterpart to 18 U.S.C. § 242'") (citing to the unpublished district court opinion).  Accordingly, the Court finds that Plaintiff cannot maintain a civil cause of action under 18 U.S.C. § 242 and his claims brought under this statute must be dismissed against the Bank Defendants.

Turning to Plaintiff's claims that the Bank Defendants violated his constitutional rights under the

Fourth and Fourteenth Amendments to the United States Constitution, it is clear that these claims also must be dismissed.  Plaintiff necessarily relies on 42 U.S.C. § 1983 in prosecuting this federal civil rights action against all Defendants.  Section 1983 provides a cause of action for violations of federally secured statutory or constitutional rights "under color of state law."  42 U.S.C. § 1983.[1]  See West v. Atkins, 487 U.S. 42, 48 (1988).  It is therefore axiomatic that in order to maintain suit under section 1983, a plaintiff must necessarily allege action by a party acting under color of state law.  See, e.g., Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) ("State action is a threshold issue in a Fourteenth Amendment claim").  In order for an action in response to alleged constitutional violations to be cognizable under section 1983:

> The [alleged constitutional deprivation] must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the state is responsible . . . [and] the party charged with the deprivation must be a person who may fairly be said to be a state actor.

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Accordingly, "constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.  Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (original emphasis).  Thus, there must be "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  Id. (quotation omitted).

Plaintiff has not alleged that the Bank Defendants are state actors, but has merely asserted that

---

[1] Section 1983 does not itself confer rights, but rather provides a vehicle by which individuals who are subjected to a deprivation of rights under the Constitution or federal laws may seek redress.  Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

the Bank Defendants communicated with law enforcement officers regarding the apparently undisputed fact that Plaintiff re-took his automobile from Fulton Bank's possession. Plaintiff also alleges that Defendant Zellers filed a "false" police report and wanted to see Plaintiff arrested for re-taking his vehicle. (Doc. No. 1, at 3-4.) These allegations are simply insufficient to allow the Bank Defendants to be considered state actors for purposes of a claim under section 1983. Accordingly, Plaintiff's claims brought under section 1983 that the Bank Defendants violated his Fourth and Fourteenth Amendment rights must be dismissed.

### III. Order

And now, this 4th day of August 2005, for the reasons set forth above, **IT IS HEREBY ORDERED THAT** the Bank Defendants' Motion to Dismiss (Doc. No. 2) is **GRANTED** and Plaintiff's claims against the Bank Defendants are **DISMISSED**.

                                      S/ Yvette Kane
                                      Yvette Kane
                                      United States District Judge